1. In the underlying attorney disciplinary case, the Supreme Court of Kentucky found that on May 25, 1994, the respondent was convicted of one charge of fourth degree assault, and there-

SULLIVAN, J., dissents for the reasons set forth in his dissenting opinion in *Walker v. State,* 668 N.E.2d 243 (Ind.1996).

In the Matter of Keith F.
McKINNEY, Sr.

No. 98S00–9602–DI–124.

Supreme Court of Indiana.

June 28, 1996.

### ORDER IMPOSING RECIPROCAL DISCIPLINE

On July 6, 1995, the Supreme Court of Kentucky suspended the respondent, an attorney also admitted to practice in the state of Indiana, for a period of six months, at the conclusion of which he was eligible for reinstatement to the bar of that state subject to order from the Supreme Court of Kentucky.[1] On February 7, 1996, the Indiana Supreme Court Disciplinary Commission filed with this Court its *"Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause."* This Court, in response thereto, on April 12, 1996, issued an *Order to Show Cause* directing the parties to show cause in writing why this Court should not impose a sanction in this state identical to that imposed by the Kentucky Supreme Court for the misconduct in which the respondent engaged. Both the Commission and the respondent have responded, and this matter is now before this Court for final resolution.

Pursuant to Ind.Admission and Discipline Rule 23, Section 28, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state, provided

fore that he committed a criminal act that reflected adversely on his honesty, trustworthiness or fitness as a lawyer in other respects.

that the Commission or the respondent fail to demonstrate, or this Court fails to find, that identical discipline should not be imposed. We now find that, in accordance with Admis.Disc.R. 23(28)(c), the respondent and the Commission have failed to demonstrate any reason why identical discipline should not be imposed in this state.

IT IS, THEREFORE, ORDERED that the respondent, Keith F. McKinney, Sr., be suspended from the practice of law in this state for a period of not less than six months, effective August 1, 1996. Currently, the respondent is still suspended and shall be automatically reinstated upon submission of a verified notice to the Clerk of the Indiana Supreme Court that his Kentucky law license has been reinstated, together with a certified copy of the order of reinstatement from the Supreme Court of Kentucky.

The Clerk of this Court is directed to forward notice of this Order to the respondent or his attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities as provided in Admis.Disc.R. 23, Section 3(d).

/s/ Roger O. DeBruler
Acting Chief Justice of
Indiana

All Justices concur.

